| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

---

RICARDO LUNDI,

                              Plaintiff,        **MEMORANDUM & ORDER**

      – against –                         18-CV-3460-ERK-RLM

R.A. ROGERS, INC.,

                              Defendant.

---

Korman, *J.*:

      Plaintiff Ricardo Lundi moves for summary judgment against defendant debt collector R.A. Rogers, Inc. ("Rogers"). He alleges that the collection letter he received, which included a line item for interest owed, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), for either (a) failing to disclose that interest continued to accrue on his account or (b) failing to disclose that interest was no longer accruing. Rogers responds that interest was no longer accruing on the account and thus no disclosure was required.

## BACKGROUND

      On June 12, 2017, Rogers sent Lundi a letter to collect a debt owed to Pentagon Federal Credit Union. Collection Ltr., ECF No. 1-1. The top of the letter contained Lundi's address and a table with Lundi's personal identification number, account number, and "Total Amount Due," along with Rogers's return address. *Id.* The "Total Amount Due" was $26,014.22. *Id.* The bottom of the letter contained more detail, including Lundi's address and account information. *Id.* The account-information section broke down the total amount owed, as follows:

> Principal Balance: $24634.33
> Fee: $0.00
> Interest: $1379.89
> **Total**: $26041.22

*Id.* The letter did not indicate the applicable interest rate, whether interest continued to accrue as of the date of the letter, or whether the total amount due was subject to increase. *Id.*

According to Lundi, "the balance owed on the date of the [collection notice] was increasing due to interest and/or fees pursuant to the credit agreement between [Lundi] and the creditor, as it always had." Pl.'s R. 56.1 Stmt., ECF No. 22-2, ¶ 15. Rogers disagrees and alleges that Lundi's account was no longer accruing interest or costs at the time of the letter. *See* Def.'s R. 56.1 Stmt., ECF No. 24-1, ¶¶ 15, 27-30. Indeed, Rogers submitted an affidavit from the Vice President of Pentagon attesting that "there was no further interest or costs accruing on Mr. Lundi's account" and Rogers "was to collect the balance due and not to add any additional sums for interest or fees." Dorn Aff., ECF No. 24-4.

Lundi sued Rogers, alleging that the collection letter is defective under the FDCPA. Although the parties dispute whether interest was accruing on the account, Lundi claims this dispute is immaterial because he wins regardless under one of two alternate theories. First, if interest *was* accruing, Rogers violated the FDCPA by failing to specify (1) that the outstanding balance may increase, (2) the interest rate, and (3) the frequency of interest charges. Second, if interest was *not* accruing, the letter is defective for failing to specify as much.

On the law, Rogers does not contest that if interest *was* accruing, the collection letter is defective. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76-77 (2d Cir. 2016). Rather, Rogers contends that interest was not accruing and it had no obligation to inform Lundi of that fact. Thus, Lundi's motion turns on whether the FDCPA requires a debt collector to disclose whether interest has ceased to accrue on an account.

## ANALYSIS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Viewing the facts in the light most favorable to the party opposing the motion, *Matsushitsa Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[T]he FDCPA generally forbids collectors from engaging in unfair, deceptive, or harassing behavior" and "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)). To that end, Section 1692e of the FDCPA forbids the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Two principles guide the inquiry. *Avila*, 817 F.3d at 75. First, courts must construe a claim under Section 1692e "in liberal fashion [to achieve] the underlying Congressional purpose," *id.* (quotation omitted): to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses," 15 U.S.C. § 1692(e). Second, courts apply the "least sophisticated consumer" standard. *Avila*, 817 F.3d at 75 (quotation omitted). "In other words, [courts] ask how the least sophisticated consumer—'one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer'— would understand the collection notice." *Id.* (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34

3

(2d Cir. 1996)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Id.* (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Lundi argues that where a collection letter contains a line item for interest due, the letter must specify whether that interest continues to accrue—even if the balance owed has become static. The Second Circuit recently held to the contrary: "[A] collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214-15 (2d Cir. 2018); *Derosa v. CAC Fin. Corp.*, 740 F. App'x 742, 743 (2d Cir. 2018). Yet Lundi maintains that *Taylor* supports his position because it explained that a collection letter does not violate Section 1692e if it "correctly states a consumer's balance *without mentioning interest or fees*, and no such interest or fees are accruing." *Id.* at 215 (emphasis added). And here, unlike *Taylor*, the collection letter provides a breakdown of the various components of the debt, including interest. *Compare id.* at 213, *with* Collection Ltr., ECF No. 1-1. Thus, in Lundi's view, Rogers's choice to provide that additional information carried with it the obligation to clarify whether interest continued to accrue.

This distinction is unpersuasive. "[T]here is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future." *Dick v. Enhanced Recovery Co.*, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016). This remains true even where the collection letter contains a breakdown of the debt's various components, including interest owed. *See, e.g., id.* at *1 (letter contained itemized balance, including interest of "$0.00"); *Hussain v. Alltran Fin., LP*, 2018 WL 1640584, at *1 (E.D.N.Y. Apr. 4, 2018) (letter contained itemized balance, including "interest post charge-off" of "$0.00").

4

Although no court has yet considered a collection letter containing a non-zero line item for interest owed, *Taylor* made clear that Lundi's claim is discordant with the FDCPA's purpose:

> Of course, being informed that their debts were not accruing interest or fees could have been advantageous to Taylor and Klein, as it would have alerted them to the fact that they could delay repayment without their debts increasing. Thus, the only harm that Taylor and Klein suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later. This supposed harm falls short of the obvious danger facing consumers in *Avila*.
>
> It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts. And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so.

886 F.3d at 214-15. If no interest was accruing on his account, Lundi faced no greater harm than the plaintiff in *Taylor*. And "prompt payment of the amount[] stated in [Lundi's] notice[] would have satisfied [his] debt." *Id.* at 214 (emphasis omitted). For these reasons, I decline to adopt a rule requiring "that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future," which "would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer." *Dick*, 2016 WL 5678556, at *8.

Because Lundi cannot proceed on the basis that Rogers failed to specify that interest ceased to accrue on the account, he is left with only his alternate theory, which requires demonstrating that interest was indeed accruing on his account. *See Avila*, 813 F.3d at 77 (plaintiff states a claim under Section 1692e where collection notice fails to "disclose that the balance might increase due to interest and fees"). For reasons unknown, Rogers has not cross-

moved for summary judgment on that theory of liability and appears to concede that a dispute of material fact exists on the issue of whether interest was accruing on the account. *See* Opp. 7. Rogers makes this concession despite that a plaintiff's mere allegation that interest has accrued on his account in the past is insufficient to create a dispute of material fact in the face of a creditor's affidavit to the contrary. *See Derosa*, 740 F. App'x at 743; *see generally Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). Indeed, Lundi puts forth even less evidence than the plaintiff in *Derosa*, who submitted a sworn declaration to that effect. *See Derosa*, 740 F. App'x at 743.

Nevertheless, I have authority under Federal Rule of Civil Procedure 56(f) to grant summary judgment to a nonmovant *sua sponte*, "'[a]fter giving notice and a reasonable time to respond' and 'after identifying for the parties material facts that may not be genuinely in dispute.'" *Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 80 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(f)). Accordingly, the parties are hereby notified that the issue of whether interest was accruing on Lundi's account at the time of the collection letter "may not be genuinely in dispute," and Lundi is directed to show cause as to why summary judgment should not be granted against him.

## CONCLUSION

Plaintiff's motion for summary judgment is denied. Within 30 days of this order, plaintiff is ordered to show cause as to why summary judgment should not be granted for defendant.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York
March 15, 2019

Edward R. Korman
United States District Judge